MANION, Circuit Judge,
concurring in part and dissenting in part.
I agree with the court (and the district court) that Berry has raised a genuine issue of material fact regarding the exhaustion of his administrative remedies, that he suffered a serious medical condition, and that the jail administrator is entitled to summary judgment because he was not deliberately indifferent to Berry’s situation. However, I disagree with the court that Berry has offered sufficient evidence that would allow a jury to infer that Dr. Butler and Nurse Reich acted with deliberate indifference when responding to Berry’s complaints about the painful condition of his .tooth. Therefore I would affirm the district court’s conclusion that given the evidence most favorable to Berry, a reasonable jury could not find that Dr. Butler or Nurse Reich were deliberately indifferent to his medical needs.
At most, this unfortunate case amounts to negligence on the part of Dr. Butler and Nurse Reich. I don’t believe a reasonable jury could even find gross negligence, much less deliberate indifference which would amount to intentional cruel and unusual punishment. As the district court noted, “Berry cannot overcome the record showing that he was offered repeated medical examinations to screen an emergency dental situation. Defendant Butler states that she did not see any sign of infection or other emergency dental condition when she examined Berry twice in April of 2008.” In addition, the district court noted that “Nurse Reich was entitled to rely on Dr. Butler’s conclusion that Berry did not require emergency dental care. In addition, Reich responded promptly to Berry’s many complaints by offering advice on minimizing pain, arranged for Berry to try a different pain reliever approved by the doctor, and offered to schedule a third medical examination if Berry would request one.” This court observes that “the doctor and nurse acted with deliberate indifference toward his condition by persisting in an easy but ineffective course of treatment that subjected him to two months of serious but avoidable pain.” To describe the treatment as “easy but ineffective” describes nothing more than negligence. Dr. Butler supposedly examined Berry to determine if he had an infection. An easy but likely effective alternative would have been to prescribe a strong enough antibiotic (instead of a pain pill) to attack what should have been an obvious infection, but if not obvious at least a precautionary alternative. If the tooth was infected (the dentist later described it as necrotic), the infection that was likely causing the significant pain would have been eliminated quickly with an effective *445 antibiotic. That process would have been just as “easy,” and would have temporarily resolved the problem until the dentist could get at it upon Berry’s return to prison.
Therefore I would conclude that the evidence most favorable to Berry amounted to negligence on the part of both the doctor and the nurse. Berry turned down the offer of a third visit by the doctor, and Nurse Reich was in continual contact with him with various attempts, albeit ineffective, to treat his pain. On numerous occasions this court has held that when prison medical personnel continue to pay attention to and to treat a prisoner’s medical complaints, even if the treatment is not up to par, the medical efforts on the prisoner’s behalf are enough to overcome any presumption of deliberate indifference. See, e.g., Duckworth v. Ahmad, 532 F.3d 675 (7th Cir.2008). While that could likely be found as negligent treatment, it does not amount to a deliberately indifferent attitude that translates into cruel and unusual punishment. Therefore I would affirm the district court.